56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Calvin WARD, Petitioner,
v.
Mark McKINNA, Warden; and Attorney General for the State of
Colorado, Respondents.
 No. 95-1025.
 United States Court of Appeals, Tenth Circuit.
 May 24, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 MOORE
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the denial of a writ of habeas corpus on the ground petitioner failed to exhaust state remedies. Petitioner claims the district court erred because he "did not ask the District to take jurisdiction, he asked for deferred jurisdiction and stated in his petition that he must give the state an opportunity to pass on or correct alleged constitutional violations."
 
 
 3
 Because petitioner admits his failure to exhaust, this appeal is without substance. There is no provision for "deferred jurisdiction" in federal habeas corpus. After he exhausts the remedies available to him under state law, petitioner can still utilize the provisions of 42 U.S.C. 2254 if they are needed. The dismissal of his petition does not affect his right to pursue that remedy.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470